## WALKER et al. v. LOUISIANA STORES, Inc.*

### No. 4678.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

John R. Hunter, of Alexandria, for appellants.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

MILLS, Judge.

This suit is brought by the children of James E. Currie, deceased, to recover $5,000 for injuries received by him on July 14, 1931, resulting in his death the following September 24th. The injuries are alleged to have been inflicted by a truck belonging to defendant company, driven by its employee in the scope of his employment.

It is alleged that the truck struck deceased as he was crossing the Main street of Pineville at a point about ten feet from where it connects with the traffic bridge across Red river; that the truck was being negligently driven at an excessive rate of speed and without a proper lookout ahead being kept by the driver.

In the alternative, plaintiffs pray that, if it should be found that their father's death was not due to the injuries so received, they are entitled to judgment for $3,500 for their suffering in witnessing the suffering of their parent and for the loss of his companionship.

Defendant answered, denying the seriousness of the injuries and any negligence on

its part, and asserting that the collision was due to the negligence of the deceased in walking suddenly from behind a car into defendant's truck without looking; and, in the alternative, that deceased was guilty of contributory negligence.

After trial on these issues, the lower court rendered judgment rejecting plaintiffs' demands, from which they have appealed.

Deceased, 72 years old, was struck by the bumper of defendant's truck at about the left headlight, at the time and place alleged. He was knocked to the left, the truck passing him and stopping within its length. He suffered no broken bones; his injuries consisting of various bruises and contusions and the three-inch cut on the head, not deep enough to pierce the periosteum. After having the cut sutured and dressed at the hospital, he was taken to his home where, two months and ten days later, he died of cerebral hemorrhage.

There is no evidence whatever to support plaintiff's allegation that defendant's truck was being driven at an improper speed. It was not exceeding 15 miles per hour and was stopped within a distance of 10 feet after striking the old man. To recover, then, the plaintiff must prove by a clear preponderance of the evidence that defendant's driver negligently failed to keep a proper lookout. In support of this burden, plaintiff offers only one eyewitness, Joe Ryland. He testifies that he was driving toward Alexandria through Pineville; that, when he got within about 30 feet of the traffic bridge across Red river connecting the two cities, he saw deceased, about 20 feet away, step off the sidewalk to the left of witness and start directly across the street. At this time he says defendant's truck was on the bridge coming from Alexandria, about 50 feet from deceased, who was about 10 feet from the end of the bridge. That deceased continued on and had proceeded about one-third of the way across, when he was struck and knocked to its left by the truck. That there was nothing to obstruct the view of any of the parties.

For defendant, the driver of the truck testifies that deceased came into the street from his left, the opposite side from that testified to by Ryland. That he came suddenly from behind a car going in the direction of Alexandria, and was within a few feet of the truck when seen by the driver. That deceased did not look up, but continued on with his head down until struck by the bumper near the left headlight of the truck. That he applied his brakes as soon as he saw deceased, but could not avoid hitting him.

In this he is corroborated in toto by Charles Liberto, who was working on a car at a filling station and garage at the end of the bridge on the right-hand side in the direction being taken by the truck. This witness says he was working under a jacked-up car facing directly toward the place of collision; that he had a clear unobstructed view and saw the whole occurrence. He appears to be an entirely disinterested witness.

The testimony of the driver of the truck that deceased came from his left is corroborated by that of R. G. McCaa, who was riding on the seat of the truck to the right of the driver. This witness says that he did not see the deceased until after he was struck; that he had a clear view of the street and sidewalk to his right, and that he would have seen deceased had he come from that direction. Defendant's version, that deceased was not crossing from the direction claimed by Ryland, is further supported by the fact that he was struck and knocked to the left front of the truck.

The case presents only questions of fact. We are informed in the briefs that the trial judge found that the cause of the accident was the negligence of deceased in proceeding heedlessly across the street, and that the truck driver was not negligent. We have read the record carefully in the light of our knowledge of the locus, and see no reason to go at greater length into the testimony. We not only find no manifest error in the opinion of the trial judge, but are satisfied that it is correct.

The judgment appealed from is accordingly affirmed.